UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANTOINE HILL,

                        Plaintiff,

            -against-

Police Officer CHRISTOPHER KELLEY, Shield No. 6065; Sergeant BRIAN DADON, Shield No. 2067; Police Officer DENIS SKURZEWSKI, Shield No. 13161; Police Officer BERNABE ARRIAGA, Shield No. 29135; Police Officers JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 539 (WFK)(CLP)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Antoine Hill ("plaintiff" or "Mr. Hill") is a resident of the State of New York.

7. Defendant Police Officer Christopher Kelley, Shield No. 6065 ("Kelley"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelley is sued in his individual and official capacities.

8. Defendant Sergeant Brian Dadon, Shield No. 2067 ("Dadon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dadon is sued in his individual and official capacities.

9. Defendant Police Officer Denis Skurzewski, Shield No. 13161 ("Skurzewski"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Skurzewski is sued in his individual and official capacities.

10. Defendant Police Officer Bernabe Arriaga, Shield No. 29135 ("Arriaga"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Arriaga is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

12. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 10:00 p.m. on June 21, 2012, plaintiff was lawfully in the vicinity of 700 Gates Avenue in Brooklyn, New York.

15. Mr. Hill and his nephew observed defendants handcuffing and arresting Mr. Hill's brother.

16. Mr. Hill asked the officers what was going on. Defendants responded saying, in sum, "shut the fuck up."

17. As a defendant officer began to strike plaintiff's handcuffed brother with a baton, Mr. Hill attempted to intercede, falling to the ground.

18. Approximately 10 unidentified defendant officers formed a circle around

3

Mr. Hill as he lay on the ground.

19. Defendants began to stomp and kick Mr. Hill about his body and face.

20. As Mr. Hill lay beaten and bloodied, an officer struck him in his head and nose with a baton.

21. Defendant officers then kneed plaintiff in his back and handcuffed him.

22. Mr. Hill lay injured in the back of the police vehicle as defendants took him to a police precinct.

23. Before reaching the precinct, defendants stopped the car and beat Mr. Hill in his ribs with their batons as he lay in the backseat handcuffed.

24. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, *inter alia*, obstructing governmental administration, assaulting an officer and resisting arrest and prepared false paperwork to that effect including a police report.

25. At no point did the officers observe plaintiff obstructing governmental administration, assaulting an officer or resisting arrest.

26. While at the 81st Precinct, Mr. Hill asked for medical treatment for his injuries, but defendants refused to provide him the same.

27. Eventually defendants contacted EMS and Mr. Hill was taken to Woodhull Medical Center where he was diagnosed with injuries, including a fractured nose.

28. After being treated, including the application of eight staples to his head and medication for his pain, Mr. Hill was transported back to the 81st Precinct.

29. Mr. Hill was eventually taken to Brooklyn Central Booking where he remained for approximately three days.

30. Mr. Hill appeared in Kings County criminal court, was arraigned, and released on his own recognizance.

31. After making several court appearances in criminal court, all charges against Mr. Hill were dismissed on or about January 25, 2013.

32. Following the incident, Mr. Hill has required continued treatment for his medical and emotional injuries.

33. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
**Unlawful Stop and Search**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The

prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Deliberate Indifference to Medical Needs

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

54. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: April 16, 2013
New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorney for plaintiff*